**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**TIM BOYD and RHONDA BOYD**                                          **PLAINTIFFS**

**v.**                                      **5:08-CV-00166-WRW**

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY**                                                 **DEFENDANT**

**ORDER**

Pending is Defendant's Motion in Limine (Doc. No. 17). Plaintiffs have responded,[1] and Defendant has replied.[2] After reviewing all pleadings, motions, and responses, I rule as follows:

1. Defendant seeks to exclude evidence showing that Plaintiffs' home was burned by a serial arsonist; specifically, Mr. Terrence Hutton.[3] In response, Plaintiffs state that they will not offer any such evidence at trial.[4] Therefore, Defendant's motion on this issue is GRANTED.

2. Defendant next seeks to exclude evidence showing that there were other arson fires around the same time and place as the fire that burned Plaintiffs' home.[5] Defendant concedes that Arkansas law permits testimony of other fires caused by the *insured* if not too remote in time or dissimilar in circumstances;[6] however, Defendant contends that there is no

---

[1] Doc. No. 19.

[2] Doc. No. 27.

[3] Doc. No. 18.

[4] Doc. No. 20.

[5] Doc. No. 18.

[6] Doc. No. 27. See *Allstate Insurance Co. v. Voyles*, 76 Ark. App. 334, 341, 65 S.W.3d 457, 462 (2002) ("In cases of arson, a history of other fires is admissible if not too remote in time or dissimilar in circumstances.") (citing *Johnson v. The Truck Ins. Exch.*, 285 Ark. 470, 688 S.W.2d 728 (1985)).

precedent for admitting evidence of other fires not related to the insured.[7] Defendant argues that there is no connection between Plaintiffs' fire and the other fires Plaintiffs seek to introduce, and to allow this testimony would force the jury "to speculate that the arsonist also was responsible for Plaintiffs' fire."[8] I agree. Accordingly, this portion of Defendant's motion is GRANTED.

3.  Defendant also seeks to exclude evidence showing that Plaintiffs were not charged or prosecuted for any crime related to the burning of their home. It appears that Defendant's case law is directly on point.[9] Further, Plaintiffs fail to address this matter in their response.[10] Defendant's motion on this issue is GRANTED.

4.  The above rulings are definitive.

IT IS SO ORDERED this 18th day of June, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[7]Doc. No. 27.

[8]*Id.*

[9]*Galbraith v. Hartford Fire Ins. Co.*, 464 F.2d 225 (3rd Cir. 1972) (trial court erred in admitting testimony that no criminal charges were brought against the insured); *Greenburg v. AETNA Ins. Co.*, 235 A.2d 576 (1967) (fact that insured was acquitted of arson is irrelevant and inadmissible in civil case to recover damages on a claim under the same fire insurance policy); *Miller and Dobrin Furniture Co. v. Camden Fire Ins. Co.*, 150 A.2d 276 (1959) (insured's acquittal of arson in a criminal case is irrelevant because it does not preclude his being found liable for the fire in a civil case); *Ashby v. Rendezvous Farm*, 381 So.2d 755 (Fla. App. 1980) (remark by insured's counsel during closing argument that no arrest or conviction relating to fire had occurred was prejudicial, and trial court erred in not granting insurer's motion for a new trial).

[10]See Doc. No. 19.